# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIAM DIXON,

        Petitioner,    :    Case No. 3:19-cv-173

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

SEAN BOWERMAN, Warden,
  Toledo Correctional Institution,

        :
        Respondent.

# REPORT AND RECOMMENDATIONS

The Clerk has docketed William Dixon's initial filing in this case as a petition for writ of habeas corpus under 28 U.S.C. § 2254. As such it has been referred to the undersigned pursuant to General Order Day 13-01.

Actually, Dixon has not filed an original habeas corpus petition, but a purported appeal of the decision of the Ohio Supreme Court in that court's Case No. 2019-0470. The attached Entry from the Supreme Court of Ohio shows that on May 22, 2019, it dismissed Dixon's petition for writ of habeas corpus which had invoked that court's original habeas corpus jurisdiction. Dixon complains here that the Ohio Supreme Court "had a mandatory duty to give an opinion on the law, arguments, facts." He asserts he raised claims of false imprisonment, illegal sentence, unlawful conviction, and actual innocence. However, he does not attach a copy of his filings in the Supreme Court of Ohio.

The United States District Court for the Southern District of Ohio has no appellate

1

jurisdiction over decisions of the Ohio Supreme Court. Because federal courts are courts of limited jurisdiction, we are obliged to decide jurisdictional questions at the outset of a case and to notice lack of jurisdiction *sua sponte*. *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908); *Capron v. Van Noorden*, 6 U.S. 126 (1804); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014).

It is possible that if Dixon is in custody in the State of Ohio upon commitment after conviction of a crime against the State of Ohio, he may be able to file an original action in habeas corpus, but this Court has no appellate jurisdiction to consider a habeas corpus appeal from the Supreme Court of Ohio.

It is therefore respectfully recommended that the Petition be dismissed without prejudice for lack of subject matter jurisdiction.

June 10, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).